UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JULIO CESAR DIAZ MURO (A-Number: 023-164-459),

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-05993-KES-EPG (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND REQUIRING IMMEDIATE RELEASE

Docs. 1, 10

Petitioner Julio Cesar Diaz Muro is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 28, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release. Doc. 10. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service. On September 2, 2026, respondents filed timely objections. Doc. 12.

In accordance with 28 U.S.C. § 636(b)(1), the court reviewed the matter de novo. Having carefully reviewed the file, including respondents' objections, the court concludes that the findings and recommendations are supported by the record and proper analysis. In addition to objecting "for the reasons set forth in their Answer," respondents object to recommendation that respondents be enjoined from effectuating third-country removal absent certain process. Doc. 12 at 1. Respondents argue that the third-country removal issue is not properly before the court and

that it was not raised in the petition. *Id.* But the petition argues that respondents lack travel documents for petitioner to be sent to Cuba or to a third-country to execute the order of removal, and asserts that "ICE agents have repeated[ly] tried to have petitioner give consent to Mexico, [while] petitioner has expressed fear-based claims that continue to be ignored by ICE." Doc. 1 at 8. Liberally construing the petition, petitioner raises claims regarding respondents' attempts to remove him to a third country. Respondents do not address why the relief provided to petitioner should not be apply to other third-countries that respondents may identify if petitioner is not removed to Mexico. As such, the third-country removal issue was properly before the court and the magistrate judge correctly analyzed and recommended an injunction arising from the allegations raised in the petition.

Respondents also argue that the question of third country removal exceeds the court's habeas authority. Doc. 12 at 2. Numerous courts have found that injunctions requiring respondents to provide due process in effectuating third country removals are proper, including in habeas proceedings. *See A.A.M. v. Andrews*, No. 1:25-CV-01514-DC-DMC (HC), 2025 WL 3685159, at *6 (E.D. Cal. Dec. 19, 2025); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727–738 (W.D. Wash. 2025); *Gomez v. Mattos*, 817 F. Supp. 3d 1002, 1013 (D. Nev. 2025).

The Court ORDERS:

1. The findings and recommendations, Doc. 10, are ADOPTED in full.
2. The petition for writ of habeas corpus, Doc. 1, is GRANTED on Ground Three.
3. Respondents are ORDERED to release petitioner Julio Cesar Diaz Muro (A-Number: 023-164-459) immediately under the conditions of his most recent order of supervision. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

4. Respondents are ENJOINED AND RESTRAINED from effectuating petitioner's third country removal unless respondents adhere to the following procedures:
   a. Provide petitioner and his counsel a minimum of fourteen (14) days to raise a fear-based claim for protection prior to removal; and
   b. If petitioner does assert a fear-based claim for relief from removal, respondents must provide petitioner a meaningful opportunity to be heard on his fear-based claim before an immigration judge in compliance with due process.
5. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.
6. The Clerk of Court is directed to close this case and enter judgment for petitioner.
7. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: September 23, 2026

UNITED STATES DISTRICT JUDGE